IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ALLSTATE INSURANCE COMPANY                                    PLAINTIFF

vs.                               CASE NO. **1:05CV00039GH**

VICTOR WEBER d/b/a LAKELAND CINEMA                            DEFENDANT

## **ORDER**

Plaintiff Allstate Insurance Company (Allstate) has filed an action for declaratory judgment against defendant Victor Weber (Weber) on a policy of insurance, Policy No. 49 648219 (Policy) to declare it void and exclude coverage for failure to meet a condition of coverage, which required that a sprinkler be in the theater owned by Weber. In particular Allstate seeks to void coverage based upon the Protective Safeguard Endorsement which excludes coverage for the insured's failure to maintain the required sprinkler system. Weber filed a counterclaim, asserting bad faith and entitlement to punitive damages.

Weber purchased an insurance policy from Allstate in 1996 to insure his theater business. On February 4, 2005, there was a fire at one of Weber's theaters, Lakeland Cinema, which caused substantial damage. Weber made a claim which Allstate denied.

Allstate has filed a motion for partial summary judgment on Weber's claims of bad faith and punitive damages. "An insurance company commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured. We have defined 'bad faith' as dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge. *State Auto Property and Cas. Ins. Co. v. Swaim* 338 Ark. 49, 56 (1999) (citations omitted).

-1-

Allstate argues that there is no evidence to support a bad faith claim against it. It fully investigated the claim and based on the investigation denied the claim. It contends that a bad faith claim cannot be based on a good faith denial or a mere refusal to pay. *See Steven v. Union Standard Ins. Co.*, 294 Ark. 651.654 (1988).

Weber contends that he did not sign the insurance application or misrepresent that he had a sprinkler system   Weber states that he never told Allstate or its agents that he had sprinkler systems in his movie theaters and he contends he never signed an insurance policy clause that excluded coverage if there was not a sprinkler system. He asserts that Allstate acted in bad faith in basing its denial of coverage on an insurance application with a forged signature and the subsequent endorsement resulting from the forged application.

Allstate denied the claim in part based on what it contends were material misrepresentations made in the application for insurance. As noted in the previous order denying the motions for summary judgment, there is a question of fact as to what Allstate knew with regard to the alleged forgery of the application. That is, if Allstate knew that the signature on the application had been forged, that Weber had not authorized the signature or that the application contained erreoneous information  a jury could find that Allstate's denial of the claim was made in bad faith. *See Cincinnati Life Ins. Co. v. Mickles*, 85 Ark. App. 188, 201 (2004)  (insurer committed acts of bad faith after claim was asserted "by turning a blind eye to clear evidence that insured had made no misrepresentations and that, in fact, all the evidence pointed to the conclusion that it or its agent had altered an insured's application.")

The Court finds that the facts are in dispute and that Allstate is not entitled to judgment on Weber's bad faith and punitive damages claims.

Accordingly, the motion for partial summary judgment is denied; the motion for leave to file a reply is granted.[1]

---

[1] The Court considered the reply brief Allstate submitted in rendering its decision.

IT IS SO ORDERED this 26th day of October, 2006.

                                        /s/ George Howard, Jr.
                                    UNITED STATES DISTRICT JUDGE