IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ALLSTATE INSURANCE COMPANY                                                    PLAINTIFF

vs.                                            **1:05CV00039-WRW**

VICTOR WEBER d/b/a LAKELAND CINEMA                                       DEFENDANT

## ORDER

Plaintiff Allstate Insurance Company (Allstate) has filed an action for declaratory judgment against defendant Victor Weber (Weber) on a policy of insurance, Policy No. 49 648219 (Policy) to declare it void and exclude coverage for failure to meet a condition of coverage, which required that a sprinkler be in the theater owned by Weber. In particular Allstate seeks to void coverage based upon the Protective Safeguard Endorsement, which excludes coverage for the insured's failure to maintain the required sprinkler system. Weber filed a counterclaim, asserting bad faith and entitlement to punitive damages.

**BACKGROUND**

Weber purchased an insurance policy from Allstate in 1996 to insure his theater business. On February 4, 2005, there was a fire at one of Weber's theaters, Lakeland Cinema, which caused substantial damage. Weber made a claim, which Allstate denied.

Allstate filed a motion for summary judgment[1] and Weber filed a motion for partial summary judgment.[2] Weber contended that the insurance application was completed by Allstate's agent, who signed the insurance application without Weber's approval and consent. He asserted that the signature on the application is not his, and is a forgery.

---

[1]Docket No. 16.

[2]Docket No. 11.

Thus, he asserted that Allstate has condoned, ratified and adopted the agent's unauthorized conduct; therefore, he argued, the Policy exclusion is void and unenforceable.

Allstate, in its motion for summary judgment, contended that Weber ratified the contract by making payments and receiving the benefits. It alleged that Weber knew that the Policy contained the sprinkler condition because he kept the policy for almost 9 years. An April 18, 2006 Order denied the motions, finding ratification to be a question of fact, and that facts, such as the knowledge possessed by the parties, were in dispute.[3] Allstate then filed a motion for partial summary judgment on Weber's claims of bad faith and punitive damages.[4] The Court, on October 26, 2006, denied the motion, finding that there was a question of fact as to what Allstate knew with regard to the alleged forgery of Weber's signature on the application.[5]

Allstate has now filed a motion to reconsider the denial of the motion for partial summary judgment on Weber's claims of bad faith and punitive damages. It has submitted the deposition of Tonya Hawes, a former employee of Clinton Insurance Agency, and the affidavit of Glenn Quinn, an underwriter for Allstate.

## MOTION TO RECONSIDER
### Standard of Review

Motions to reconsider are governed by Fed. R. Civ. P. 54(b) which provides that in the absence of a final judgment as to one or more but fewer than all of the claims or parties, "any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims

---

[3]Docket No. 23

[4]Docket No. 26

[5]Docket No. 42

or parties, and the order . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

> The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil procedure 60(b).

*Wells' Dairy, Inc. v. Travelers Indem. Co. of Illinois*, 336 F.Supp.2d 906, 909 (N.D. Iowa 2004)(citing cases).

Recently, the district court for the Northern District of Iowa discussed the standard to be applied in a motion to reconsider in *Doctor John's, Inc. v. City of Sioux City, Iowa*, 456 F. Supp. 2d 1074, 1075 (N.D. Iowa 2006).  A court may amend a prior summary judgment ruling to correct any "'clearly' or 'manifestly' erroneous finding of facts or conclusions of law." *Id*. *See also Hagerman v. Yukon Energy Corp.* 839 F.2d 407, 414 (8th Cir. 1988) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.").

**Analysis**

Here, Allstate has not come forth with newly discovered evidence.  It was aware of the existence of both Hawes and Quinn and could have submitted their deposition testimony or affidavit in support of the prior motions for summary judgment that were filed. Furthermore, Allstate continues to assert the same arguments previously raised: that Allstate did not know of the forgery on the application, that the soliciting agent did not have authority to bind Allstate, and that Weber ratified the contract by his actions.  These arguments were discussed and decided adversely to Allstate in earlier Orders.

Even assuming that there is a basis to reconsider the previous rulings denying Allstate's motions for summary judgment, Allstate is not entitled to summary judgment.

The policy application dated May 30, 1996, contained the following language: "These are two theaters owned and operated by Mr. Weber. . . . Exits are clearly marked and both buildings have been inspected and approved by the fire marshall [sic] for sprinklers, fire extinguishers and smoke alarms."

Weber avers that at the time he purchased the insurance, he was not asked by anyone about sprinklers in his theaters. He states he was never shown the application and did not sign it. He states that neither of the theaters covered ever had a sprinkler system installed; that he never represented that they did; and that he did not learn of the requirement for a sprinkler system until he notified Allstate of the fire loss in February, 2005.[6]

Allstate does not appear to dispute that Weber did not sign the application. It asserts that it did not have any knowledge of an alleged forgery. Allstate relied on information that Jim Bayer, an agent with Clinton Insurance Agency, provided to Allstate. It asserts that even assuming that Jim Bayer, the insurance agent, forged Weber's signature, Bayer could not bind Allstate, or his action cannot be imputed to Allstate.

That Bayer is a soliciting agent does not absolve Allstate of liability. In *Interstate Fire Ins. Co. of Chattanooga, Tennessee v. Ingram,* 256 Ark. 986, 991 (1974), the Arkansas Supreme Court quoted *Southern Nat'l Ins. Co v. Heggie,* 206 Ark. 196 (1943) :

> " It has been frequently held by this court that, where an applicant for insurance makes to the agent of the insurer a full disclosure of the facts inquired about in the application, but the agent fails to write down the answers of the applicant correctly, and the applicant is permitted by the agent to sign the application without reading it or hearing it read, the knowledge of the agent as to the physical condition of applicant is imputed to the company and, if a policy is issued on such an application, the company is estopped in an action on said policy to set up the falsity of the answers in the application."

---

[6]See Attachment 1 to Defendant's motion of partial summary judgment (docket no. 11).

The Court previously stated that "[a]n insurance company commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured. We have defined 'bad faith' as dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge. " *State Auto Property and Cas. Ins. Co. v. Swaim* 338 Ark. 49, 56 (1999) (citations omitted). The Court further stated that

> [I[f Allstate knew that the signature on the application had been forged, that Weber had not authorized the signature or that the application contained erroneous information a jury could find that Allstate's denial of the claim was made in bad faith. *See Cincinnati Life Ins. Co. v. Mickles*, 85 Ark. App. 188, 201 (2004) (insurer committed acts of bad faith after claim was asserted "by turning a blind eye to clear evidence that insured had made no misrepresentations and that, in fact, all the evidence pointed to the conclusion that it or its agent had altered an insured's application.")

None of the "new evidence" submitted in the renewed motion for summary judgment supports such a judgment. The nature of the relationship between Bayer and Clinton Insurance Agency, and Allstate continues to remain in dispute. This includes the authority Bayer had, and the degree of reliance by Allstate on Clinton Insurance Agency and Bayer concerning information that was provided on the application. There is a dispute over when the safeguard endorsement appeared in the policy and when or whether Weber was advised of the protective safeguards condition.

The Motion for Reconsideration is DENIED.

**MOTIONS IN LIMINE**

.      Allstate has filed a motion in limine seeking to exclude evidence on a number of matters: (1 ) the alleged forgery of Weber's signature; (2) certain acts of Jim Bayer and Clinton Insurance Agency, including alleged bad acts of forgery or fraud; (3) that neither Defendant nor any other person was arrested, indicted, or convicted of insurance fraud or arson with regard to the February 2005 fire; (4) actions by Allstate concerning bad acts or bad faith; (5) documentation from Allstate to authorities under Ark. Code Ann. § 12-13-303 pertaining to the reporting of possible arson. Weber has not responded to the motion.

As discussed above, there is a factual dispute concerning the authority Bayer and Clinton Insurance had, and whether Allstate was aware or should have been aware of the alleged forgery.    Thus, evidence concerning the alleged forgery and other bad acts of Bayer and Clinton Insurance Agency is relevant and should not be excluded. Furthermore, the Court has found that there are questions of fact regarding Weber's bad faith claim and thus evidence of possible bad acts or bad faith should not be excluded.  The Court, however, is persuaded that evidence concerning lack of criminal charges and the documents related to the reporting of arson are not relevant and therefore should be excluded. Thus, Allstate's motion in limine is GRANTED IN PART and DENIED IN PART.

Weber has also filed a motion in limine.  He seeks to exclude (1) any reference connecting Weber's son, Todd Weber, to the use or manufacture of methamphetamine and (2) any reference to the fact that Todd Weber's house recently burned.

Allstate has responded and states that Weber's credibility is at issue and that evidence concerning his drug use and the burning of the house might be relevant to Allstate's defense of Weber's bad faith claim.

It does not appear that the probative value of evidence concerning Todd Weber's drug use and house fire outweighs its prejudicial effect. As discussed above, the Court has excluded evidence regarding arson and the arson investigation.  The bad faith portion of Weber's claim does not center of Allstate's arson investigation,  but its reliance on an allegedly forged signature on the application. Accordingly, Weber's motion in limine should be GRANTED.

**Conclusion**

Allstate's Motion for Reconsideration (docket no. 47) is denied; Allstate's First Motion in Limine (docket no. 38) is GRANTED IN PART AND DENIED IN PART; and Weber's FIRST MOTION IN LIMINE (docket no.40) is GRANTED.

IT IS SO ORDERED this 11th day of May, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE